## Illinois Cent. R. R. Co. *v.* Miss. Public Service Comm., et al.

March 22, 1954

No. 39120          58 Adv. S. 29          71 So. 2d 176

*Byrd, Wise & Smith,* Jackson; *Jos. H. Wright, John W. Freels,* Chicago, Illinois, for appellant.

*Jas. T. Kendall,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Prior to October 1, 1950, appellant Railroad was operating two daily passenger trains, one each way, between Jackson and Gulfport, Mississippi.

It publicly announced its intention to cease operating these trains. The Public Service Commission cited the

Railroad to appear before it October 3, 1950, to show cause why it should not be required to continue the operation of said trains. The matter was heard before the Commission and on October 18, 1950, the Commission entered an order which the State and the Railroad interpret to require the Railroad to continue to operate the two passenger trains. No appeal was taken by the Railroad from this order.

In the meantime, and on September 29, 1950, the Attorney General of Mississippi filed a bill in the Chancery Court of Harrison County, seeking, and upon which he obtained, an order enjoining the Railroad from discontinuing the operation of said trains until the matter before the Commission "shall have been fully and finally heard, determined and finally disposed of in the manner provided by law."

On November 10, 1950, on motion of the Railroad, said temporary injunction was dissolved by said chancery court because the question had been determined by the Public Service Commission.

On November 15, 1950, the Railroad filed in the Chancery Court of Hinds County the bill now under consideration, seeking (1) an injunction to prevent the order of the Commission from being carried out; (2) attacking the power and right of the Commission to pass the order it adopted October 18th; and (3) for a permanent injunction against enforcement of said order. The Hinds County Chancery Court granted a temporary injunction restraining the enforcement of the order of the Commission and on November 16, 1950, the Railroad ceased the operation of said trains and has not operated them since that time. On May 21, 1953, after the taking of testimony and a full hearing on the merits, the Chancery Court of Hinds County dissolved the temporary injunction theretofore issued by that court and dismissed, with prejudice, the original bill filed by the Railroad. From that action this appeal is prosecuted.

The Railroad contends (1) that the order of the Commission requires it to operate two passenger trains between Jackson and Gulfport, and it has no authority to require the Railroad to operate any particular train; (2) the Railroad was losing money in the operation of the two trains and to require the Railroad to furnish the passenger service would be taking its property without due process of law, and in violation of its constitutional rights; and (3) that the proof on this hearing in the Hinds County Chancery Court failed to show any public necessity for such passenger service, and that the order of the Commission did not so find and adjudicate.

The State takes issue on the foregoing propositions and contends (a) that the Railroad had a full, plain, adequate, complete and speedy remedy by appeal from the order of the Commission, which it did not pursue, and that for that reason this bill in equity is not maintainable; and (b) the mail service in question was formerly furnished by the Gulf & Ship Island Railroad under a charter granted it by the State, and that the property of that Railroad was purchased by appellant Railroad and that appellant is under a contractual obligation to furnish said passenger service.

■■■ We have given the case long and thorough consideration and have concluded the Railroad did have a plain, adequate and complete remedy by appeal from the order of the Commission, to which resort was not had, and that for that reason the present bill was not maintainable.

Section 7699, Code 1942, reads: "In addition to other remedies now available, the State, or any party aggrieved by any final finding, order, or judgment of the Commission, shall have the right, regardless of the amount involved, of appeal to the first judicial district Circuit Court of Hinds County, Mississippi, which shall be taken and perfected as hereinafter provided, within six months from the date of such final finding, order or judgment, and in those cases wherein an administrative order of the Commission is involved, may affirm

or reverse for further proceedings as justice may require and in those cases wherein the Commission's order appealed from is a judicial finding the said circuit court shall review, affirm, reverse or modify the same and enter therein such order or judgment as may be right and just; provided that without excluding any other finding, order or judgment of the Commission as constituting a judicial finding, the granting or denial by the Commission of an application for a certificate of public convenience and necessity, or the granting or denial of an application for a permit to operate as a contract carrier, shall be construed as a judicial finding, and appealable as such. All such appeals shall be taken and perfected, heard and determined either in term time or in vacation on the record, including a transcript of pleadings and testimony, both oral and documentary, filed and heard before the Commission, and such appeal shall be heard and disposed of promptly by the court as a preference cause. In perfecting any appeal provided by this Act, the provisions of law respecting notice to the reporter and the allowance of bills of exception, now or hereafter in force respecting appeals from circuit courts to the Supreme Court, shall be applicable.''

We quote the applicable part of Section 7700, said Code, granting the right of appeal to the Circuit Court of Hinds County from any final order, finding or judgment of the Commission: ''Appeals from any final finding, order or judgment of the Commission shall be taken and perfected by the filing of a bond in the sum of $500.00 with two sureties, or with a surety company qualified to do business in Mississippi as the surety, conditioned to pay the cost of such appeal, said bond to be approved by the chairman or secretary of the Commission, or by the judge of the court to which such appeal is taken in case the chairman or secretary of the Commission refused to approve a proper bond tendered to them within the time limited for taking appeals. The Commission may grant a supersedeas bond on any ap-

peal, in such penalty and with such surety thereon as it may deem sufficient, and may, during the pendency of any appeal, at any time, require the increase of any such supersedeas bond or additional securities thereon; and the judge of the Circuit Court of Hinds County may on petition therefor by any party entitled to an appeal under this Act, presented to him within six months of the date of the final finding, order, or judgment of the Commission appealed from, award a writ of supersedeas to any such final finding, order, or judgment of the Commission, upon the filing of a supersedeas bond in an amount to be fixed by said judge.''

Section 7711, said Code, provides: ''Appeals from the order of the circuit court affirming or reviewing such order may be taken as other appeals are taken to the Supreme Court.''

If a litigant has a plain, adequate, speedy and complete remedy at law he cannot resort to the extraordinary injunctive procedure of chancery. Griffith, Miss. Chancery Practice, 2d Ed., p. 26, Section 24.

We think the procedure for hearing before the Commission and appeal from its decision is plain. The Commission has the power to hear the testimony bearing upon the issues before it. The parties have the right, by their pleadings, to present the issues to the Commission, and introduce testimony bearing upon such issues. Within six months they can appeal to the Circuit Court by giving bond in the sum of $500.00. The appeal may be with supersedeas, and it can be granted either by the Commission or the trial judge to whom the appeal is to be taken. A transcript of the pleadings and the testimony, oral and documentary, which the Commission had before it shall be transmitted to the trial judge. Section 7699 contemplates, and Section 7706 expressly provides, that the testimony before the Commission may be taken by a reporter, and, in proper cases, bills of exceptions may be prepared and authenticated to be used on said appeal, and the appeal shall be a preference case.

As shown above, appeals from the order of the circuit court may be had to the Supreme Court as other appeals are taken. And, of course, if a Federal question is involved, an appeal may be duly prosecuted from this Court to the Supreme Court of the United States. We think it is clear the remedy afforded by the foregoing statutes is plain.

Is the remedy adequate and complete? The Commission is vested with power to adopt administrative orders and to make judicial findings and adjudications, and the granting or denial by the Commission of an application for a certificate of public convenience and necessity, or the granting or denial of an application for a permit to operate as a contract carrier, shall be construed as a judicial finding, and appealable as such. The Commission is expressly given the power to determine whether a corporation is or is not rendering in a reasonably adequate manner the public service authorized by the corporate charter of such corporation, and what should be done to make such service reasonably adequate, taking into consideration the financial condition of said corporation, and what would be a reasonable time within which the needed changes should be made. Section 7706, Miss. Code 1942. Chapter 5, Vol. 6, said Code, vests in the Commission powers and jurisdiction other than those detailed. In other words, the Commission is vested with extensive administrative and judicial powers. In the adoption and enforcement of its administrative orders, and in the adjudication of its judicial functions, it necessarily has the power to pass upon judicial questions, and the vested legal and constitutional rights of the parties, such as are involved in the case at bar—that is to say, the extent of its power to require the operation of the two trains here involved, whether its orders deny the carrier due process of law under the facts of the case, and whether public convenience and necessity require appellant to make available such passenger service. And on appeal to the circuit court,

that tribunal has the power to review the findings and actions of the Commission, affirm, reverse, amend or change them, and from this action an appeal may be taken to this Court, where the actions, findings and proceedings of both the Commission and the trial judge may be reviewed, affirmed, altered, remanded and changed, and from which action, where a Federal question is involved, appeal may be taken to the Supreme Court of the United States for such review by that Court. From this it is seen, we think, that the remedy of appellant, thus set out, is adequate and complete. The following cases, at least in principle, sustain that conclusion: City of Englewood v. Denver & South Platte Railway Company, 62 Colo. 229, 161 Pac. 151, Writ of Error dismissed, 63 L. Ed. 253; Hoyne v. Chicago & O. P. Elevated R. Company, 294 Ill. 412, 128 N. E. 587; South Bay Motor Freight Company v. Schaaf, 3 Wash. 2d 466, 101 Pac. 2d 584; West New York v. Board of Public Utility Commissioners, (N. J.) 148 A. 402; Swain v. Oklahoma R. Company, 168 Okla. 133, 32 Pac. 2d 251. In the Hoyne case the ground for injunction was based upon the proposition that the order of the Commission fixing rates was void. The Supreme Court of Illinois denied the right to an injunction on the ground that the Public Utilities Act gave any person affected by an order of the commission an appeal to the circuit court for the purpose of having the reasonableness of the order inquired into, and, in turn, allowed an appeal from the circuit court to the Supreme Court of Illinois. In the Swain case the Court approved this quotation from Harris v. Smiley (Okla.), 128 Pac. 276: "It is a fundamental rule, so well established that citation of authority is unnecessary, that, to enable one to secure injunctional relief, he must show affirmatively in his petition that he has exhausted his legal remedies, or that they are inadequate to give him plain and speedy relief, and that, unless such relief is granted by injunction, he will suffer great and irreparable damage."

The rule is especially applicable to the case at bar. The order of the Commission recites that appellant carrier "* * * presented its witnesses on Monday afternoon October 16th and Tuesday morning October 17th", and that the protestants and citizens along the line of the Gulf & Ship Island Railroad Company, branch of the Illinois Central Railroad Company, appeared before the Commission and offered their testimony against the removal of trains operating over the Gulf & Ship Island Railroad between Jackson and Gulfport, Mississippi.

The Commission having heard all the testimony offered both by the Illinois Central Railroad Company and the citizens and patrons of the Railroad Company along its line between Jackson and Gulfport, Mississippi, and having carefully considered the testimony of both sides, is of the opinion and orders "that the Illinois Central Railroad Company be and it is required to continue passenger train service between Jackson and Gulfport, Mississippi, over its branch of railroad known as the Gulf & Ship Island Railroad." The bill herein charges that the action of the Commission in passing this order "was arbitrary, illegal, unlawful, unwarranted and in utter disregard of the uncontradicted proof of the loss being incurred by this complainant in the operation of said trains." The chancery court was, and we are, requested to sustain those allegations of the bill, and hold the order void, although we have no knowledge whatever of the extent, nature and force of the testimony which was before the Commission. Naturally, it was impossible for the lower court, and it is impossible for us, to say whether the order of the Commission was justified when there was not before the lower court, and is not before us, a scintilla of testimony which was before the Commission. It is clear that the Commission had before it much testimony which we do not have, because the order recites that the patrons along the railroad line testified before the Commission. In the chancery proceeding only witnesses for the carrier testified. What

the proof before the Commission showed as to the public necessity for passenger service between Jackson and Gulfport, and whether appellant would suffer loss, and the extent thereof, by furnishing such service, we do not know. However, every question presented in this proceeding could have been raised and passed upon had the procedure by appeal prescribed by the statute been followed.

Appellant urges that when the hearing was had before the Commission and its order was adopted, there was pending in the Chancery Court of Harrison County, instituted by the Attorney General, a bill for injunction against appellant, and that a temporary injunction had issued therein, prohibiting removal of the two trains, and that appellant had to defend in that suit. However, on motion of appellant, the temporary injunction was dissolved and the bill was dismissed on November 10, 1950. Therefore, after that was done, the only remaining pending matter pertaining to the subject-matter of this suit was the order of the Commission dated October 18, 1950, and the time for appeal from that order had not expired. Instead of appealing, appellant, on November 15, 1950, filed in the Chancery Court of Hinds County the present bill.

It is our opinion that the statutory method of appeal, heretofore set out, afforded appellant a plain, adequate, speedy. and complete remedy for a judicial determination of all the rights of appellant and all of the questions here involved. For that reason, the action of the chancery court in dismissing the bill should be affirmed.

Affirmed.

All justices concur, except *Kyle, J.*, who, being disqualified, took no part.