MISSISSIPPI VALLEY GAS COMPANY *v.* CITY OF JACKSON, MISS.

No. 41047          March 9, 1959          109 So. 2d 637

*Wright, Overstreet, Kuykendall & Perry,* Jackson, for appellant.

*E. W. Stennett, Satterfield, Shell, Williams & Buford,* Jackson, for appellee.

McGEHEE, C. J.

The question presented by this appeal is whether an Order of the Public Service Commission providing for the issuance of a "grandfather" Certificate of Convenience and Necessity pursuant to the provisions of Section 5 (b) of the Public Utility Act of 1956, (Chapter 372, Mississippi Laws of 1956, Section 7716-01, et seq., Mississippi Code of 1942, Recompiled, hereinafter referred to as the Act) which was not appealed from by the City of Jackson within the time and in accordance with the procedure provided by Section 26 of said Act, may be reversed and set aside upon Petition for Certiorari in the Circuit Court of Hinds County.

The position of appellant, Mississippi Valley Gas Company, is that the Circuit Court of the First Judicial District of Hinds County erred in granting issuance of the writ of certiorari herein because (1) the extraordinary remedy of Certiorari will not be allowed where there is a plain, speedy and adequate remedy expressly provided by the legislative Act authorizing the issuance of such Certificates; * * * ". Grounds Nos. 2 and 3 of the appellant's objection to the procedure followed by

the City of Jackson are stated in the place where the above asterisks appear, but we shall consider only ground (1) above set forth.

On August 7, 1956, the appellant petitioned the Public Service Commission for the issuance of a Grandfather Certificate covering its entire operations pursuant to the provisions of Section 5 (b) of the Public Utility Act. The Commission found the Company to be in bona fide operation as described in its Petition and ordered its Secretary to issue a Certificate, unless protest was filed within thirty days. Within such time the City of Jackson, Mississippi, filed a protest and the Commission, after a hearing on said protest found that the protest was without merit and entered a Final Order authorizing issuance of said Certificate. The City of Jackson, the only party to protest, failed to move for rehearing or file for an appeal from said Order under the procedure provided by Section 26 of said Act within the time required and subsequently petitioned the Circuit Court of Hinds County for a Writ of Certiorari to review said proceedings. The Circuit Court issued such Writ over the objections of the appellant and entered an Order declaring that the Commission should not have issued the Certificate and remanded the proceedings to the Commission with directions to make findings as to whether the City of Jackson had arbitrarily withheld the grant of a franchise to the appellant, and the appellant has perfected an appeal to this Court from such action of the Circuit Court.

In the Circuit Court the Mississippi Valley Gas Company and the Public Service Commission moved to vacate or quash the writ of certiorari, but their motion in that behalf was overruled, and the Mississippi Valley Gas Company alone has prosecuted this appeal.

■■ ■ The record as prepared and forwarded by the Clerk of the Circuit Court consists of three bound volumes. Volume I contains generally the pleadings and

Order in the certiorari proceedings in the Circuit Court; Volume II contains the transcript of the testimony taken in the hearing before the Public Service Commission, and Volume III contains generally the pleadings and Orders before the Public Service Commission. The exhibits referred to in the Petition to the Commission for the Certificate were omitted from the bound volume, but are to be found among the exhibits forwarded to the Court. Since the Supreme Court has held on numerous occasions that the evidence in the proceeding below cannot be examined on certiorari the Court must disregard the contents of Volume II above mentioned.

The Public Utility Act of 1956 became effective upon its approval by the Governor on March 29, 1956. Section 5 of said Act requires that no person shall operate equipment for transmitting or distributing gas without first having obtained from the Commission a certificate that the present or future public convenience and necessity require, or will require, the operation of such equipment or facility.

On August 7, 1956, the appellant, Mississippi Valley Gas Company, filed its Petition for a Certificate of Convenience and Necessity covering its operation within forty-seven municipalities in the State of Mississippi with the Public Service Commission. In the Petition the appellant described its operation in municipalities in the three categories mentioned in Section 5 (e) of the Act, setting forth 47 municipalities in which it was operating under franchises in existence on the effective date of the Act, three municipalities (Jackson, West Point and Yazoo City) in which it was operating on the effective date of the Act and in which it had previously operated under municipal franchises which had expired within five years prior to the effective date of the Act, and one municipality (Aberdeen) where it was operating under a franchise granted since the effective date of the Act. With reference to its operations in said municipalities of

Jackson, West Point and Yazoo City the appellant stated in its Petition that it would exercise its right to continue operations in said municipalities under the provisions of Section (5) (e) of said Act by paying the 2% of its gross receipts as the compensation set forth in said section of said Act, said payments to commence at the end of the first quarter after the effective date of said Act, and asserted its right to continue to use the streets, alleys and public places situated in each of said municipalities upon the condition that it pay the compensation required for the exercise of such right by Section 5 (e) of said Act. Appellant also pointed out in said Petition that it had applied for new franchises in each of said municipalities since the effective date of said Act. In addition, the Petition described the Company's operations in thirty four (34) named Counties of Mississippi on the effective date of the Act and prayed for the issuance of a Certificate ''on all rights claimed hereunder and as granted by said Act.''

In the same proceedings the Public Service Commission issued an Order dated September 5, 1956, stating that the Commission found that the appellant was ''in bona fide operation'' as a public utility rendering gas service in the area described in the Petition of March 29, 1956, the effective date of the Act.

The Order further recited that the Gas Company had met the requirements of the Act and the rules and regulations of the Commission and was entitled to a Certificate, and ordered that such Certificate be issued, unless protest or objections were filed within thirty (30) days from the date of said Order, in which event the Commission could order a full hearing on the Petition.

On October 4, 1956, the City of Jackson filed its protest and objection in said proceedings, and claimed that as a matter of law the Certificate could not be issued to Mississippi Valley Gas Company until the Company had obtained a new franchise in the City of Jack-

son, Mississippi, basing such claim upon the provisions of Section 5 (g) of the Act, and also alleging that the Company had filed an application for a new franchise with the City of Jackson on June 27, 1956, but had failed to carry on negotiations in good faith and that such action by the Company was ''patently an attempt by the Company to violate the Statute and to obtain a Certificate of Convenience and Necessity without complying with the Statute and without obtaining a franchise from the City * * *.'' Neither the City of West Point nor Yazoo City filed a protest to such order.

██ ██ The appellant contends that since the Legislature has provided a specific method for an appeal to be taken from an order of the Public Service Commission, such as the one here involved, in the Public Utility Act of 1956 (Section 7716-26, Code of 1942 Vol. 6 of the Code as recompiled), this statute being a particular statute will control over the general statutes, Sections 1206 and 1207, granting appeals by Certiorari, for the reason that said Section 7716-26 provides among other things that ''* * * any party aggrieved by *any* final finding, order or judgment of the Commission shall have the right, regardless of the amount involved, of appeal to the Chancery Court, First Judicial District of Hinds County, Mississippi * * *.'' (Emphasis ours).

Section 7699, Code of 1942, which was left to remain in the Code at the time of enactment of Section 7716-26 thereof had provided for appeals from '' * * * any final finding, order, or judgment of the Commission * * * to the First Judicial District *Circuit Court* of Hinds County, Mississippi, * * * *within six months* from the date of such final finding, order or judgment * * *.'' (Emphasis ours.) This statute on appeals relates primarily to certificates of public convenience and necessity, to operate as a Common Carrier.

Thus it will be noted that the Public Utility Act of 1956 (Section 7716-26) transferred to the *Chancery*

*Court* of the First Judicial District of Hinds County, Mississippi, the appellate jurisdiction theretofore existing in the First Judicial District *Circuit Court* of Hinds County, Mississippi, and reduced the time for the appeal to thirty days instead of the six months granted for appeals in the Circuit Court under Section 7699, Code of 1942, insofar as appeals under the Public Utility Act of 1956 are concerned.

The special appeal provided for by Section 7716-26, Code of 1942, expressly grants an appeal from any order of the Public Service Commission and expressly grants the right to have the same vacated or set aside for "errors of law," the same as allowed on certiorari, but without the six months delay incident to an appeal by certiorari. This new statute also grants unto the Chancery Court the right to vacate or set aside any order of the Public Service Commission which is against the evidence taken before the Commission, is arbitrary or capricious, or made in excess of the statutory authority or jurisdiction of the Commission. That the order was beyond the powers of the Commission to make is precisely what the City of Jackson was complaining of when it sought the aid of the Circuit Court of Hinds County on its appeal by Certiorari, contending that the Public Service Commission was without statutory authority or jurisdiction to grant unto the Mississippi Valley Gas Company a Certificate of Public Convenience and Necessity without the said Utility then having a franchise from the City of Jackson.

The City of Jackson took no direct appeal from the Order of the Public Service Commission overruling the protest of the City of Jackson and granting the Certificate of Public Convenience and Necessity to the appellant, Mississippi Valley Gas Company within thirty days after the entry of the Commission's order in their behalf. Nor did the City petition for a rehearing of the matter, as it may have done under sub-section (a) of

Section 7716-26 of the Code, and did not offer any proof in support of the allegations of its protest before the Commission.

The extraordinary writ of certiorari has not been employed for an appeal in this sort of a case, insofar as we have been able to ascertain, since the decision of the case of Dixie Greyhound Lines, Inc. vs. Mississippi Railroad Commission, 174 Miss. 1, 163 So. 443 decided in 1935, where there was both an appeal by certiorari and a direct appeal, and certainly not since the decision of Dixie Greyhound Lines, Inc. v. Mississippi Public Service Commission, et al, 190 Miss. 704, 200 So. 579, involving Chapters 139 and 142, Mississippi Laws of 1938, which abolished the Mississippi Railroad Commission and set up the Mississippi Public Service Commission, and which statutes provided for a full, adequate, speedy and complete remedy by direct appeal, as set forth in Section 7699, Code of 1942.

The City of Jackson contends that if the Court should hold that Section 1207, Code of 1942—the general statute on appeals by certiorari—is not applicable then the City is entitled to rely on Section 7699, Code of 1942, for the appeal to the circuit court taken in this case within six months after the entry of the Commission's order. But as heretofore pointed out, that statute relates to direct appeals to the *Circuit Court* of Hinds County from an Order of the Public Service Commission and relates primarily to the granting or denial of applications for a permit to operate as a common carrier, and the allowance of six months within which to appeal makes that statute wholly inconsistent with the later statute, Section 7716-26, which requires the appellant to appeal to the *Chancery Court* of the First Judicial District of Hinds County, Mississippi, and within thirty days from the entry of the Commission's Order.

Even though Section 7699, Code of 1942 has not been repealed, it would be difficult to justify a holding that the Legislature intended to allow appeals from the Orders of the Public Service Commission to the circuit court, within six months, and at the same time provide for them to be taken to the chancery court within thirty days from the entry of the Commission's Order.

We think that Section 7716-26 was intended to supersede Section 7699, Code of 1942, and that the said Section 7716-26 furnishes a plain, speedy and complete statutory method of appeal wherein every right is afforded to the appellant that he has by appeal or certiorari, and other rights not available on certiorari, but the said new particular statute does not permit appellant to wait until near the expiration of the six month period for an appeal by certiorari under the general statute in that behalf.

In Federal Credit Company v. Zepernick Grocery Company, 153 Miss. 489, 491, 120 So. 173, which was being heard on a motion to strike from the record the stenographer's transcript of the evidence in the county court the Supreme Court said:

"It is said to be a rule of almost universal application that the writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, which statement is no more than an application of the elementary rule of procedure that an extraordinary remedy will not be allowed when an ordinary remedy is, or has been, fully available. Certiorari cannot be made to serve the office of an appeal, and the rule is not altered by the fact that a party entitled to an appeal has allowed the time for taking it to elapse without availing himself of that right. * * *"

"It was the purpose of the legislature in creating the county court to furnish an efficient, economical, and expeditious tribunal for the settlement of litigation involving small amounts, and to give a speedier final de-

termination to cases of misdemeanor and petty offenses. It was therefore required, among other provisions to that end, that appeals from the county court shall be taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the court and that such appeals should be considered solely upon the record as made in the county court. If, instead of taking the ordinary course, that is by way of appeal, the unsuccessful party may delay until the period of six months is about to expire, and by resort to the extraordinary means of certiorari, bring up the entire record to the circuit court, and there have the whole of it considered, then the provision requiring appeals to be taken within ten days would become practically a dead letter, and, if we should sanction such a practice, we would repeal by judicial construction that which not only is the plain letter of the law in the county court act, but that which is expressive of a vital part of its very purpose and policy."

Although different on its factual situation, we are of the opinion that the reasoning and logic of the above quoted language should be applied by analogy to the appeals from the orders of the Public Service Commission provided for in Section 7716-26, and applied in determining the intent and purpose of the Legislature in transferring the jurisdiction of the circuit court as to appeals from the Public Service Commission to the chancery court, and reducing the time for such appeals from six months to thirty days. Morover, there was no statutory provision for the issuance of certificates of public convenience and necessity to a gas utility by the Public Service Commission until the enactment of the Public Utility Act of 1956.

In 10 Am. Jur. Certiorari, Section 7, it is stated that "a writ of certiorari will not issue if other adequate remedy, such as an appeal by writ of error, exists" Duggen v.

McGruder, Walker (Miss.) 112, 12 Am. Dec. 527. See also Ibid, Secs. 4, 5.

Volume 42 Am. Jur., Public Administrative Law, Section 232 states: "Where statutory methods of direct judicial r e v i e w are available, the use of nonstatutory methods is not likely to be permitted by the courts." See also Ibid. Sec. 229.

██ While certiorari is not a nonstatutory method of appealing, it is nevertheless an extraordinary writ and should not be employed where the Legislature has provided a plain, speedy, adequate and complete remedy by direct appeal, and has provided for a reporter's transcript of the testimony taken before the Public Service Commission which could not be utilized on appeal by certiorari.

The foregoing principles were recently established in this State in I. C. R. R. Company v. Public Service Commission, 220 Miss. 439, 71 So. 2d 176. The Commission's order required the railroad to continue operating certain trains. The railroad took no appeal under Code Sec. 7699 supra, which pertains primarily to common carriers, but filed a bill in equity to enjoin enforcement of the order. Affirming dismissal of the bill, the Court held that the statutory method of appeal under Sec. 7699 afforded complainant a plain, adequate, speedy and complete remedy. Hence the extraordinary remedy of injunction was not available. By the same criterion, and under the above-quoted texts as to certiorari, the remedy by writ of certiorari was not available to the City of Jackson, since it had a plain and adequate remedy by appeal under Code Sec. 7716-26.

An appeal by certiorari would serve simply to delay the disposition of these important public questions, since an appeal by ceritorari may be taken at any time within six months.

The statutory method of appeal involved in I. C. R. R. Company, v. Miss. Public Service Commission, supra,

was that set forth in Sec. 7699, which, substantially like Sec. 7716-26, has as a beginning phrase, "In addition to other remedies now available * * *". This phrase refers only to remedies which would be available where the statutory method of appeal is not adequate, speedy and complete.

From the foregoing views it follows that we are of the opinion that the trial court should have sustained the motion to vacate or quash the writ of certiorari, and should have left in full force and effect the order of the Public Service Commission in granting unto the Mississippi Valley Gas Company the Certificate of Public Convenience and Necessity petitioned for since no effectual appeal has been taken therefrom by the City of Jackson, the only municipality filing a protest against the action of the Public Service Commission in question.

Reversed and the order of the Public Service Commission appealed from reinstated.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.*, concur.