MISSISSIPPI POWER COMPANY et al. *v.* MISSISSIPPI PUBLIC SERVICE COMMISSION, et al.

No. 41931          March 27, 1961          128 So. 2d 351

*Barnett, Montgomery, McClintock & Cunningham, Hedgepeth, Ewing, Price & Hedgepeth,* Jackson; *Welch, Gibbes & Graves,* Laurel, for movant.

624

*Eaton, Cottrell, Galloway & Lang,* Gulfport; *Byrd, Wise & Smith, Watkins & Eager,* Jackson, for movees.

McElroy, J.

The question before the Court is the motion of the appellees, Mississippi Public Service Commission and South Mississippi Electric Power Association, et al., to dismiss the appeal of the appellants, Mississippi Power Company and Mississippi Power & Light Company.

This appeal arose from certain proceedings now pending before the Mississippi Public Service Commission and bearing No. U-508 on the docket of said Commission, wherein the appellee filed its petition, seeking a certificate of public convenience and necessity from said Commission to construct, operate and maintain a 65 megawatt electric generating station in Section 33, Township 7 North, Range 13 West, of the First Judicial District of Jones County, Mississippi, and an electric transmission system extending from said station into various parts of East and Southeast Mississippi.

Before the Commission, the Chancery Court and the Supreme Court, there have been 29 pleadings filed by the appellants, including three appeals. Among these pleas are "Plea in Abatement", "Motion to Dismiss",

and "Motion to Require Petitioner to Produce Documents", as well as "Demurrers". There have been several pleas filed in the Supreme Court in this particular case. The pleas before the Mississippi Public Service Commission have been overruled and the case was set for trial on its merits. The appellants being aggrieved by the orders overruling motions and pleas were permitted to appeal directly to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The appellants applied to the chancery court for an interlocutory appeal from the aforesaid orders directly affecting its pleading by a motion styled, "Motion for Interlocutory Appeal", and filed in the chancery court on August 2, 1960, on the date the Mississippi Public Service Commission had set the case for trial on its merits.

The appeal was under color of Section 7716-26, Mississippi Code of 1942, Rec.

The chancery court allowed each of the applications for interlocutory appeal by common order rendered and filed on said date.

The appellees filed motions in the chancery court to dismiss interlocutory appeal, plea in bar to interlocutory appeal, general and special demurrers to the said appeal, and many others.

The chancery court on October 31, 1960, entered an order finding that the aforesaid pleadings of the appellees should be sustained for want of jurisdiction of the chancery court and ordering that the appeals of the appellants be dismissed and the cause be remanded to the Mississippi Public Service Commission for further proceedings and taxing the appellants with all costs.

Section 7716-26, of the Mississippi Code of 1942, Rec., reads as follows: "In addition to other remedies now available at law or in equity any party aggrieved by any final finding, order, or judgment of the commission, shall have the right, regardless of the amount involved, of ap-

peal to the Chancery Court, First Judicial District of Hinds County, Mississippi. If an application for rehearing has been filed, an appeal must be filed within thirty (30) days after the application for rehearing has been refused or deemed refused because of the commission's failure to act thereon within the time specified in the preceding section or, if the application is granted, within thirty (30) days after the rendition of the decision on rehearing. If an application for rehearing has not been filed, an appeal must be filed within thirty (30) days after the entry of the commission's order."

Section 7716-28, of the Mississippi Code of 1942, Rec., reads as follows: "Appeals in accordance with law may be had to the Supreme Court of the State of Mississippi from any final judgment of the chancery court."

■■ ■ We feel that the motion of the appellees to dismiss the appeal is well taken. In the case of Mississippi Valley Gas Co. v. City of Jackson, Miss., 236 Miss. 81, 109 So. 2d 637, the Court said: "The Public Utility Act of 1956 became effective upon its approval by the Governor on March 29, 1956. Section 5 of said Act requires that no person shall operate equipment for transmitting or distributing gas without first having obtained from the Commission a certificate that the present or future public convenience and necessity require, or will require, the operation of such equipment or facility. * * * since the Legislature has provided a specific method for an appeal to be taken from an order of the Public Service Commission, such as the one here involved, in the Public Utility Act of 1956 (Section 7716-26, Code of 1942 Vol. 6 of the Code as recompiled), this statute being a particular statute will control over the general statutes, Sections 1206 and 1207, granting appeals by Certiorari, for the reason that said Section 7716-26 provides among other things that ' * * * any party aggrieved by any final finding, order, or judgment of the commission shall have

the right, regardless of the amount involved, of appeal to the Chancery Court, First Judicial District of Hinds County, Mississippi * * *'.

"Thus it will be noted that the Public Utility Act of 1956 (Section 7716-26) transferred to the Chancery Court of the First Judicial District of Hinds County, Mississippi, the appellate jurisdiction theretofore existing in the First Judicial District Circuit Court of Hinds County, Mississippi and reduced the time for the appeal to thirty days instead of the six months granted for appeals in the Circuit Court under Section 7699, Code of 1942, insofar as appeals under the Public Utility Act of 1956 are concerned."

We are not passing on the legal aspects of the different pleas and motions.

From the foregoing section it follows that the decree of the chancery court dismissing the case for want of jurisdiction was proper and therefore the motion to dismiss the appeal on behalf of the appellees is sustained and the case should go back to the Mississippi Public Service Commission for final disposition on its merits.

Motion to dismiss appeal is sustained.

*Lee, P. J.* and *Gillespie, Rodgers* and *Jones, JJ.*, concur.