BRADY, Justice.
This is an appeal from a decree of the Hinds County Chancery Court dissolving a temporary injunction and refusing to issue a permanent injunction against the ap-pellee, Mississippi Public Service Commission. The appellant, West Brothers, sought a permanent injunction restraining and forbidding the appellee from interfering with the appellant truck line in the lawful transportation of “commodities generally,” including petroleum products in bulk, under its outstanding certificates of public convenience and necessity.
Briefly the facts are as follows: The appellant is a truck line engaged in the business of a common carrier by motor vehicle operating under certificates of public convenience and necessity authorizing the transportation of “general commodities” and “commodities generally” over certain specified routes. On June 24, 1965, appellant filed an application seeking authority from the Public Service Commission to publish specific rates for the transportation of petroleum products in bulk. Prior to this time, appellant had operated since 1930 as a freight line, and had never transported petroleum products in tank trucks.
While this proceeding was pending before the Commission, appellant, on July 11, 1965, informed Commissioner W. E. Moore by telephone of his intention to commence bulk petroleum transportation operations. The Commission informed appellant that, in its opinion, the appellant had no authority to engage in such operations. The Commission requested an opinion from the Attorney General regarding the matter, and it was the opinion of the Attorney General also that appellant had no authority under its outstanding certificates of convenience and necessity to engage in bulk petroleum transportation. A copy of this opinion was mailed to appellant.
The appellant, however, being in disagreement with the opinion of the Commission and the Attorney General, commenced bulk petroleum transportation on the morning of July 13, 1965. On the afternoon of July 13, the Commission notified the appellant by telegram that “in the opinion of the Commission you are not authorized to engage in such transportation and you are hereby advised that if you persist in the same the Commission must take appropriate action to enforce the Motor Carrier Act of 1938.”
Following receipt of the telegram, appellant discontinued its bulk petroleum operations and filed a bill of complaint in chancery court seeking a temporary and permanent injunction against the Public Service Commission enjoining it from interfering with its transportation of petroleum products. A temporary injunction was issued against the Commission without notice.
The cause came on for hearing before the chancery court on answer and motion to dissolve the temporary injunction filed by certain other appellees allowed by the court to appear amicus curiae in support of the appellee, Public Service Commission, j
The decree of the chancery court provided, in part:
The bill of complaint being solely for injunction, and the Court having found that complainant is not entitled to the issuance of an injunction, and a dissolution of the temporary injunction having disposed of all issues in the case, and the complainant. having requested that the decree of this Court be made final and appealable, it is ordered that the bill of complaint be and it hereby is finally dismissed at the cost of complainant.
We mention only those errors assigned by appellant which warrant discussion.
Appellant contends that the court erred in dissolving the temporary injunction, and refusing a permanent injunction. It relies upon the case of McGchee v. Wolchansky, 217 Miss. 88, 63 So.2d 549 (1953), which held that until a carrier’s certificate of pub- *204 lie convenience and-necessity has been revoked, it remains an outstanding and valid certificate, notwithstanding that the carrier has not operated under the certificate for some time. Appellant contends that under McGehee, supra, even though it had not operated under its certificates in the transportation of petroleum, it has the franchise right to do so and the Commission should have been enjoined from interfering. A.
. This is syllogistic reasoning and in substance is as follows: I have the right to transport commodities generally. Under the Federal Motor Carrier’s Act, bulk petroleum is a general commodity. Therefore, I have the right to transport petroleum products. It follows that the Commission has no right to interfere, and the injunction should be granted. The fallacy in this reasoning is that appellant presupposes that it has the right to transport petroleum in bulk under its existing certificates, a major premise with which the Commission does not agree.
That brings us to what appellant contends is the “main question presented.” “What is the meaning of the generic term ‘commodities generally’ or ‘general commodities’ as used in the certificated authority of the appellant?” Appellant urges that the question has already been answered by reason of the fact that bulk petroleum carriers are included in the classification of “general commodity” carriers under the Interstate Commerce Commission’s interpretation of the Federal Motor Carrier Act. Mississippi Code Annotated section 7637 (c) (1956) provides that the rules of the Public Service Commission shall conform as nearly as practicable to those of the Interstate Commerce Commission. Appellant urges that because of this provision, and because the Mississippi Act is modeled after the Federal Act, the Public Service Commission is bound by Interstate Commerce Commission interpretations of the Federal Act. We do not agree.
In the case of West Bros. v. H & L Delivery Serv., 220 Miss. 323, 70 So.2d 870 (1954), the Court held that the Commission has rule-making power and can exercise such power. Mississippi Code Annotated section 7637(b) (1956) gives the Commission the authority to establish classifications of groups of carriers. As stated, section 7637(c) provides that the rules of the Commission shall conform as nearly as practicable to those of the Interstate Commerce Commission. This does not mean that the Public Service Commission is au-' tomatically bound by the rules of the Interstate Commerce Commission because in section 7637(b) the legislature has specifically given the Commission certain rule-making power.
Therefore, we are of the opinion that the question raised by appellant is one which must be submitted to the Commission for determination, and that it is not properly before this Court.
Appellant contends that the court was in error in holding that appellant had created the emergency for which it sought temporary and permanent injunctive relief.
The record shows that there are some twenty-seven carriers holding certificates containing authority to transport “general commodities,” and that not one of these has ever transported any petroleum product in bulk other than on the occasion in the instant case. There are several motor carriers holding certificates which contain specific authority to engage in the transportation of petroleum and petroleum products in tank vehicles. It seems clear that the Commission does draw and in the past has drawn a distinction between “general commodity” carriers and bulk petroleum carriers. The appellant was, or should have been, well aware of this fact.
It is a well settled principle of equity in this state that a preliminary prohibitive injunction should not issue without notice except in cases of great emergency. Griffith, Mississippi Chancery Practice § 455 (2d ed. 1950). Injunction should not issue where the party “has pursued a course *205 of conduct that precipitated the trouble * * 28 Am.Jur. Injunctions § 33 (1959).
Finally, appellant contends that the court erred in concluding that it must first exhaust its administrative remedy. As previously stated, we are of the opinion that the matter of interpretation of the term “general commodities” must be presented to the Commission for determination.
In the case of Davis v. Barr, Chairman, State Tax Commission, 250 Miss. 54, 62-63, 157 So.2d 505, 508 (1963), this Court held:
Mississippi has followed the great weight of authorities requiring persons to exhaust their administrative remedies before resorting to court.
The Court further stated:
The following textbooks hold to the rule that “The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act.” (Citing authorities.) (250 Miss, at 63-64, 157 So.2d at 508.)
See also Morehead v. Mississippi Safety-Responsibility Bureau, 232 Miss. 412, 99 So.2d 446 (1958); and Scott v. Lowe, 223 Miss. 312, 78 So.2d 452 (1955).
It is further stated in Griffith, Mississippi Chancery Practice section 434 (2d ed. 1950) that:
Inadequacy of the remedy at law was the ground upon which the jurisdiction was founded, and to this day it remains as the basis upon which the power of injunction is exercised.
The legislature has afforded an administrative tribunal with the statutory purpose of regulating common carriers. If the appellant should maintain its contention, the legislature’s purpose would be almost completely defeated. We hold that appellant must pursue his administrative remedies before seeking aid of the courts.
Since the appellant had a complete and adequate remedy at law, and the emergency, if any, was created by it, we hold that the chancellor was eminently correct in dissolving the temporary injunction and refusing to grant a permanent injunction.
For the foregoing reasons, the decree of the chancery court should be, and is, affirmed.
Affirmed.
Ethridge, c. j., and jones, Patterson and SMITH, JJ., concur.