CAMPBELL SIXTY-SIX EXPRESS, INC., et al. *v.*
J. & G. EXPRESS, INC.

No. 42346         June 4, 1962         141 So. 2d 720

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Wrape & Hernly, Louis I. Dailey,* Memphis, Tenn.; *John H. Doeringer,* Chicago, Ill., for appellants.

*Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellee.

McGehee, C. J.

The origin of this litigation is disclosed in the case of T. H. Garrett, d/b/a Garrett Truck Line v. Delta Motor Line, Inc., et al, 224 Miss. 559, 81 So. 2d 245,

82 So. 2d 577. The complainants in the instant case are Campbell Sixty-Six Express, Inc., Viking Freight Co., Inc., Delta Motor Line, Inc., Gordons Transports, Inc., and Illinois Central Railroad Company, all qualified, licensed, and franchised carriers operating in Mississippi. The suit is brought to enjoin certain operations of the appellee J. & G. Express, Inc., as a competing carrier. The appellee was formerly known as Garrett Truck Line, Inc. The activities of the appellee are alleged to be unlawful and not authorized by its certificate of public convenience and necessity. The bill of complaint charges that the said appellee is unlawfully competing with the appellants and adversely affecting their property rights under their franchises and certificates of convenience and necessity.

The case was decided on demurrer in the trial court, and hence there is no issue of fact on this appeal. The pertinent facts alleged in the bill of complaint are admitted by the general demurrer.

The operating authority originally held by the appellee was granted by the Public Service Commission to T. H. Garrett by order dated August 14, 1953. The order of the Commission of that date authorized Garrett to operate as a restricted common carrier of freight by vehicle over the highways of Mississippi, beginning at Jackson thence north on U. S. Highway 51 to Grenada, *serving all points between and including Jackson and Grenada,* and north from Grenada on State Highway 7 to and including Holly Springs, serving all points between Grenada and Holly Springs, including the University of Mississippi, thence return to Jackson over the same route. The appellants Delta Motor Line, Inc., and the Illinois Central Railroad were the protestants before the Public Service Commission in that proceeding, and they prosecuted an appeal from said order of August 14, 1953, and the decision of this Court on that

appeal is reported in 224 Miss. 559, 81 So. 2d 245, 82 So. 2d 577, as aforesaid.

The opinion in that case recites that the appellants Delta Motor Line, Inc., and the Illinois Central Railroad Company were rendering adequate and satisfactory service to the public at all points on U. S. Highway 51 between Jackson and Grenada, including service to Jackson and Grenada. Therefore this Court reversed in part the said order of the Public Service Commission and said: "* * * Under the facts and rules" of the Commission "no pickup or delivery rights on Highway 51 should have been granted to Garrett except as to freight originating in or destined to the area covered in the permit to service Highway 7.

"Whether closed door travel on said Highway 51 should have been required, except for freight originating in or destined to Highway 7 area, we will now consider." The opinion further stated: "Summed up then, this is the situation: First, grant of service in Highway 7 area is not now contested.

"Second, Highway 51 is being adequately served.

"Third, it is necessary, if Highway 7 area is to be properly served, that applicant have the right to travel Highway 51 between Jackson and points in Highway 7 area.

"The obvious solution of this peculiar situation is that Garrett should be given the right to traverse Highway 51 to and from Jackson in serving his Highway 7 territory, but the permit over Highway 51 should be with closed doors, except as to freight originating in or destined to the Highway 7 area served by him.

"The Commission will issue to him another permit in accordance with this opinion and the judgment entered pursuant thereto. It is so ordered. * * *."

The reversal of the Commission by the Court had the effect of saying that: The commission had authorized an operation from Jackson over Highway 51 to Gre-

nada "serving all towns between and including Jackson and Grenada, thence north on Highway 7, serving Coffeeville, Water Valley, Oxford, Abbeville and Holly Springs." The Court, however, held "no pickup or delivery rights on Highway 51 should have been granted to Garrett except as to freight originating in or destined to the area covered in the permit to service Highway 7."

Pursuant to this judgment and mandate from this Court, the Public Service Commission entered an amended order on November 21, 1955, in which the Commission found "that the application for a grant of service along Highway 7 area is not contested; that Highway 51 is being adequately serviced, and that it is necessary, if Highway 7 area is to be properly served, that the applicant have the right to travel Highway 51 between Jackson and points along Highway 7 area, and the order granted to T. H. Garrett the right to traverse Highway 51 to and from Jackson, Mississippi, in serving Highway 7 territory, with *closed doors,* except as to freight originating in or destined to the Highway 7 area served by said Garrett Truck Line." This operating authority granted to T. H. Garrett was subsequently transferred to the appellee J. & G. Express, Inc.

In other words, the certificate granted to the appellee was issued by the Commission in the same language set forth in the Court's opinion in the case of T. H. Garrett, d/b/a Garrett Truck Line, Inc. v. Delta Motor Line, et al, supra.

It should be emphasized that under the decision of this Court in the case above mentioned, the appellee received the right *"to traverse"* Highway 51 to and from Jackson in serving the Highway 7 territory but the permit over Highway 51 was expressly limited to a "closed door" operation, except as to freight originating in or destined to the Highway 7 area served by the appellee.

The bill of complaint here charges that the appellee is now engaged in rendering daily transportation service pursuant to the operating authority granted to appellee by the Commission, *but is also performing other services which are not authorized by said operating authority.* However, the appellants make no complaint concerning operations conducted by the appellee pursuant to such operating authority when it is serving points in Mississippi on Mississippi Highway 7, such as Holly Springs, Oxford, Water Valley and Coffeeville, but the appellants do charge that in addition to serving such authorized points in Mississippi Highway 7, *the appellee is engaged in rendering daily service in the transportation of freight between Jackson and Grenada,* and it is charged that the appellee is without any franchise or other legal authority to transport freight from Jackson for delivery in Grenada or vice versa, since this Court had expressly held that it should not have any such authority.

The bill of complaint further charged that appellee is engaged in transporting traffic moving in both interstate and intrastate commerce; that appellee's unauthorized operations complained of consist of transporting general freight received at Jackson from a shipper or a connecting carrier and delivering it in Grenada to a consignee or a connecting carrier, and vice versa.

The bill of complaint further charged that the appellee's operations complained of are being conducted without any franchise or other legal authority so to do; that said service competes with and adversely affects the business of the appellants and that the appellee is transporting numerous shipments each day which would otherwise be traffic carried by the appellants, is collecting the charges therefor and is unlawfully interfering with the rights granted to the appellants in their certificates of convenience and necessity.

That as a result of these activities of the appellee, the appellants are being caused irreparable injury and damage in that the appellee is receiving revenue in large amounts each day which revenue would, except for the unlawful operations of the appellee, accrue to the appellants under their certificates and operating authority; and that the actions of appellee constitute repeated and *continuing* violations of appellants' property rights; that these activities are destructive of the appellants' property rights which have a peculiar quality or value *which cannot be adequately compensated for in damages, that it would be difficult, if not impossible, to measure the amount of damages being inflicted upon the appellants.* The bill then charges that unless the appellants are granted relief in equity the appellee's activities would result in a multiplicity of suits, and that therefore the appellants have no complete, adequate and speedy remedy at law. The bill further alleges that the activities of the appellee complained of have *continued for a period of many months,* and that, unless the appellee is restrained and enjoined, as prayed for in the bill of complaint, the appellee will continue these unlawful activities in violation of the rights and franchises of the appellants.

Finally, the bill of complaint contains a prayer that the appellee be enjoined: (1) from transporting any shipment of freight received at Jackson, Mississippi, from a shipper or connecting carrier, and delivering it in Grenada, Mississippi, to a consignee or connecting carrier; (2) from transporting any shipment of freight received at Grenada from a shipper or connecting carrier and delivering it in Jackson, Mississippi, to a consignee or connecting carrier; and (3) from transporting any shipment of freight received at any point on U. S. Highway 51 from a shipper or connecting carrier and delivering it at any other point on U. S. Highway 51 to a consignee or connecting carrier.

To this bill of complaint the appellee filed a general demurrer, mainly on the grounds (1) that the appellants have a plain, adequate, speedy and complete remedy at law under Chapter 142, Laws of 1938, as amended, (Section 7683, Miss. Code 1942, Rec.,) and (2) that they have failed to exhaust their administrative remedies. The demurrer was sustained, and upon appellants declining to plead further a final decree dismissing the bill was entered. Hence, the complainants took this appeal.

In 23 Am. Jur., Franchises, Section 39, it is said: "It is established that injunction will lie, in a proper case, to prevent an unlawful invasion of, or interference with, the enjoyment of franchise rights. The rule generally prevailing is that the grantee of a public utility franchise has such a property right as will entitle him to restrain by injunction any person or corporation attempting without authority to exercise such right in competition with him, although the franchise is not exclusive. Some courts, however, have reached a contrary conclusion on this point.

"Injunction lies at the suit of the holder of a franchise which can be granted only upon a showing of public necessity, to prevent the granting of such a franchise to another without the showing of such necessity." See Frost v. Corporation Commission, 278 U. S. 515, 73 L. ed. 483, 49 S. Ct. 235.

Moreover, the foregoing quotation from American Jurisprudence was cited with approval and followed by our own Court in the case of Payne Bus Lines, et al v. Jackson City Lines, Inc., 220 Miss. 180, 70 So. 2d 520, wherein the Jackson City Lines, a common carrier of passengers for hire in Jackson, Mississippi, filed suit against J. R. Payne, Jr., doing business as Payne Bus Lines, another common carrier of passengers for hire, which was operating in the City of Jackson without a franchise, and to enjoin said operation. In that case

a general demurrer was overruled and upon appeal this Court affirmed the action of the trial court and remanded the case. The Court in that case held that the owner of a franchise, although not exclusive, is entitled to relief by way of an injunction against a threatened or actual injury to his property rights through illegal, non-franchised competition, on the theory that the rights granted although not exclusive are actually so as to all others not having a similar franchise. Numerous authorities were cited in the opinion in support of that view.

But the appellee contends on the instant appeal that in the case of Payne v. Jackson City Lines, supra, the carrier of passengers for hire, Payne, had no franchise at all to transport passengers for hire within the city limits of Jackson, and that therefore that case is no authority for the appellants in the case at bar. But in the case of Bass v. Georgia Public Service Commission, 14 S. E. 2d 740, 192 Ga. 106, it was said: ''* * * So it seems clear that the mere fact that the defendant was a certificate holder would afford him no protection. The question is, did he have the 'required certificate' that is one under the terms of which his particular operation was authorized. Obviously if the operation complained of was in violation of the restrictions contained in his certificate or beyond the authority given in them this section of the (Georgia) Code was intended to apply, and so the petition charged.'' In other words, if the appellee was exercising authority under its certificate of convenience and necessity in excess of the authority therein conferred, as alleged in the bill of complaint, then it was violating the property rights of the appellants in this case.

The original commission order which was reversed by this Court in the case of T. H. Garrett v. Delta Motor Line, 224 Miss. 559, 81 So. 2d 245, had specifically granted appellee the right to operate from Jackson over

Highway 51 to Grenada "serving all towns between and including Jackson and Grenada; * *". This Court held, however, that no right to serve Jackson and Grenada should have been granted. Thereupon under the mandate of this Court, the Commission issued the certificate in the language of our opinion, upon which the appellee now relies.

It is alleged in the bill of complaint and admitted by the demurrer, that the unlawful activities of the appellee complained of have continued over a period of many months. Appellee argues, however, that the appellants have a plain, adequate and speedy remedy at law, by requesting the Public Service Commission to make a determination that the appellee is not authorized to render service between Jackson and Grenada. However, this Court has already determined that the appellee is not authorized to render service between Jackson and Grenada. There is no administrative proceeding involved in the present case wherein a determination of the Commission is to be reviewed. This is a lawsuit seeking to protect the appellants' property rights against the unlawful activities of the appellee.

The appellee cites the case of Illinois Central Railroad Co. v. Miss. Public Service Commission, 220 Miss. 439, 71 So. 2d 176. In that case the Commission had entered an order requiring the railroad company to continue operation of certain particular trains. Instead of appealing from this order, with supersedeas, the railroad company elected to file a suit for injunctive relief in the chancery court to prevent the Public Service Commission from enforcing its order. In that case the remedy of the railroad company by appeal with supersedeas was adequate and complete, whereas in the instant case it is alleged that the appellee is performing services not authorized by its certificate of convenience and necessity by engaging in rendering daily service in the transportation of freight between Jackson and Grenada, with-

out a franchise to transport freight from Jackson for delivery in Grenada, or vice versa; and that said service competes with and adversely affects the business of the appellants, and that the appellee is collecting charges therefor and is unlawfully interfering with the rights granted to the appellants in their certificates of convenience and necessity. And it is further alleged in the bill of complaint that the actions of the appellee constitute repeated and continuing violations of the appellants' property rights; that these activities are destructive of the appellants' property rights which have a peculiar quality or value which cannot be adequately compensated for in damages, since it would be difficult or impossible to measure the amount of damages being thus inflicted upon the appellants and that therefore the appellants do not have a full, adequate, and complete remedy at law.

"A person may be enjoined from carrying on the business of transporting passengers or property for hire by motor vehicle without obtaining a license or certificate of convenience and necessity so to operate from the proper authorities, or without a license from the different municipalities through which the motor vehicles pass, or without filing a bond and obtaining a certificate and permit to conduct such business from the proper official or department or without otherwise complying with valid provisions of the governing statute or without complying with the conditions on which the license or certificate was granted; * * *." 60 C. J. S., Motor Vehicles, Sec. 95, p. 348.

"The right of the carrier to injunctive relief may be sustained although complaint may be made before the public service commission for a violation of the commission's orders, or action may be taken by the attorney general under direction of the commission, particularly where adequate relief cannot be obtained by such a remedy; and such right is not affected by the

fact that the act complained of is also a criminal offense, or that a penalty attaches to the doing of such act." 60 C. J. S., ibid., p. 351.

37 Am. Jur., Motor Transportation, Sec. 9, p. 528, states: "The office of an injunction is the protection of property and rights of property; however, interposition by restraining orders is a matter of growth, and keeps pace with changing conditions, and the courts are continually finding new subjects for such relief. There is a tendency to enlarge and broaden the original narrow meaning of the term 'property right' so as to include some rights which formerly would have been denied protection by injunction."

■■ Appellee relies upon the doctrines of primary jurisdiction and exhaustion of administrative remedies. The former determines whether the court or the agency should make the initial decision. ■■ The doctrine of exhaustion governs the timing of judicial review of administrative action. 3 Davis, Administrative Law Treatise (1958), Sec. 19.01. Appellee relies principally upon two Code Sections. Miss. Code 1942, Rec., Sec. 7651 provides that, after notice and hearing, the Commission may suspend or revoke a certificate or permit for wilful failure to comply with the act or an order of the Commission. Sec. 7817 authorizes the Commission to apply to the circuit or chancery court for aid in the enforcement of its orders.

In this case there is no affirmative order of the Commission from which appellants could appeal. There was such an order in Illinois Central R. R. Co. v. Miss. Public Service Commission, 220 Miss. 439, 71 So. 2d 176 (1954). In order to get relief from the Commission, appellants would have to petition the Commission, alleging appellee was violating its certificate; the Commission in time would have a hearing, and there would be an order on the issue. The Commission could not enforce, as effectually as by injunction, its own order,

but would have to go in court under Code Sec. 7817 to obtain its enforcement. In the meantime, the bill of complaint charges a continuing, day-by-day violation by defendant of its certificate, and encroachment upon the certificates of complainants; the damages would be difficult to show; and a multiplicity of suits therefor would be averted by the chancery court taking jurisdiction.

■■ We do not think this is a proper case for applying the doctrines of exhaustion of administrative remedies, and of primary jurisdiction. Under the averments of the bill, the complainants' remedy before the Commission is not adequate. ■■ Where no adequate administrative remedy is provided, the exhaustion doctrine is not applicable. Moreover, there is reasonable doubt as to the availability and adequacy of the administrative remedy. Since the appellee's certificate is clear, and does not authorize it to pick up and deliver at Grenada, the question in dispute, under the allegations of the bill, is purely a legal one. There is no administrative area of interpretation presented, in which the chancery court is not equally capable of determination. 73 C.J.S., Public Administrative Bodies and Procedure, Sec. 41.

In Illinois Central R. R. Co. v. M. T. Reed Construction Co., 51 So. 2d 573 (Miss. 1951), in a suit by a railroad company for charges for switching and weighing loaded freight cars, the court rejected a defense of primary jurisdiction in the Interstate Commerce Commission. It interpreted clear, substantive rules of the Commission, in order to determine measurement of the freight charges. It was noted that the question "does not call for any particularly technical skill or special knowledge and experience in railroad regulation. These rules are subject to interpretation on the basis similar to that of any other administrative, substantive rule." See also Dufour Continental Southern Lines, Inc., 219

Miss. 296, 311, 68 So. 2d 489 (1953); 3 Davis, ibid., p. 48 (comment on I. C. Railroad v. M. T. Reed Construction Co.).

■■ ■ Summarizing his conclusions with reference to this question, 3 Davis, Sec. 20.10 says: ''Probably the guide to requiring or not requiring exhaustion when administrative jurisdiction is challenged should be examination of three main variables — extent of injury from pursuit of administrative remedies, degree of apparent clarity or doubt about administrative jurisdiction, and involvement of specialized administrative understanding in the question of jurisdiction.''

■■ ■ In the instant case the extent of injury, if complainants must pursue an administrative remedy, may well be large and difficult of measurement. The limited nature of appellee's certificate, as adjudged in the *Garrett* case, is clear and manifest. And there is not involved here any specialized administrative understanding and expertise in interpreting or applying appellee's certificate. Hence the exhaustion doctrine is not applicable. The principle decided in the *Payne Bus Lines* case controls, that the owner of a franchise, although not exclusive, is entitled to relief by way of an injunction against a threatened or actual injury to his property rights through illegal, non-franchised competition.

Finally, the appellee contends that this is a matter where the Commission should be asked to interpret the meaning of its order in the premises, although this Court has already determined and defined the rights of the appellee under its certificate of convenience and necessity, and where there is simply a failure of the appellee to carry out the order of the Commission issued pursuant to the mandate of this Court.

We are of the opinion that the appellants were entitled to the injunctive relief prayed for if the allegations of the bill of complaint are proved to be true and

that the demurrer of the appellee should not have been sustained, but should have been overruled.

Reversed and remanded.

All Justices concur.