# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60712

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2019

Lyle W. Cayce
Clerk

THE LAMAR COMPANY, L.L.C.,

     Plaintiff - Appellant

v.

THE MISSISSIPPI TRANSPORTATION COMMISSION,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-149

Before KING, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

A Mississippi statute states that billboards cannot be taller than forty feet. The Lamar Company, L.L.C. and the Mississippi Transportation Commission disagree about whether that height restriction applies to billboards erected before April 15, 2008. Lamar believes that older billboards are exempt, but the Commission believes that they are not. The Commission, pursuant to its reading of the statute, told Lamar that it could not modify one

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60712

of its older billboards unless the modification shortened the billboard to forty feet or less. After attempts to clarify the statute via legislative amendment failed, Lamar sought a declaratory judgment stating that billboards erected before April 15, 2008 are not subject to the statutory height restriction. The district court dismissed Lamar's suit sua sponte for failure to exhaust administrative remedies. Because Mississippi does not provide an adequate administrative remedy in this situation, we REVERSE.

## I.

In Mississippi, "outdoor signs," i.e. billboards, must comply with certain statutory requirements, including the following restriction on billboard height:

> For sign structures erected on or after July 1, 2003, the maximum area for any one (1) sign face shall be six hundred seventy-two (672) square feet . . . . The height of any sign structure shall not exceed forty (40) feet. The height of sign structures erected on or after April 15, 2008, shall not exceed forty (40) feet above the level of the road grade unless the grade of the land adjacent to the road is higher than the level of the road grade, then the height of the sign structure may exceed forty (40) feet above the level of the road grade but shall not exceed forty (40) feet above the grade of the site where the sign is placed. Any embellishment on or cut-out extension of any sign face shall not exceed twenty percent (20%) of the square footage of such sign face.

Miss. Code. Ann. § 49-23-9(2)(b). The Mississippi Transportation Commission ("Commission") has promulgated an identically worded regulation. 37-7501 Miss. Code R. § 09002(1000)(1)(b)-(c). *See id.* § 09002(1000)(8) ("Any conflict between the language in this section and the statutory language shall be controlled by the language of the Statute. Any modification to said statutes enacted after adoption of this rule shall have control over the limits set out herein.").

The Commission is charged with regulating outdoor advertising in Mississippi. Miss. Code Ann. §§ 49-23-7, 65-1-8. The Commission allows billboards to remain standing that were "legally erected under the law and

circumstances then and there existing that fail[] to conform to the requirements of [Commission regulations] because of subsequent changes to the law or the circumstances," but modifications other than "customary maintenance or repair" are prohibited. 37-7501 Miss. Code. R. § 09002(329), (1304). The Commission is much more permissive regarding modifications to billboards that conform to "the requirements under [Commission regulations], the applicable state statutes, the state-federal agreement, federal statutes and federal regulations." *Id.* § 09002(307), (1302).

The Lamar Company, L.L.C. ("Lamar") is in the outdoor-advertising business nationwide, and it owns billboards throughout Mississippi. Many of those billboards were erected before April 15, 2008. One such billboard, Sign No. 5821, was erected pursuant to a permit issued by the Mississippi Department of Transportation ("MDOT")—the Commission's executive arm—in 1986.

On May 22, 2015, Lamar notified MDOT that it had decided to modify Sign No. 5821 by reducing its height from sixty-one feet to forty-five feet and by changing the sign's orientation from vertical to horizontal. In a letter dated June 2, 2015, MDOT told Lamar that those modifications were not permissible because the post-modification billboard would be taller than forty feet, which MDOT believed would violate § 49-23-9(2)(b) and Commission regulations. In reply, Lamar wrote to MDOT on June 10, 2015, explaining its view that, "under Section 49-23-9 and Section 1000(c) of the Regulations for Control of Outdoor Advertising, the 40 foot height limitation does not, by definition, apply to those sign structures erected before April 15, 2008." Accordingly, Lamar urged MDOT—and, hence, the Commission—to reconsider its position and to allow Lamar to modify Sign No. 5821.

The Commission did not reconsider its position or formally respond to Lamar's June 10 correspondence. Instead, in subsequent discussions,

No. 18-60712

Commission representatives told Lamar that it should ask the Mississippi Legislature to clarify whether § 49-23-9(2)(b)'s height restriction applies to billboards erected before April 15, 2008 by amending the statute. Lamar agreed to do so. Bills amending § 49-23-9(2)(b) were introduced during the Mississippi Legislature's 2015 and 2016 legislative sessions, but both bills died in committee.

Following its second failed attempt to obtain clarity from the Mississippi Legislature, Lamar filed a state-court suit seeking judicial guidance. In that suit, Lamar sought a declaratory judgment "that any sign structure erected prior to April 15, 2008 may exceed 40 feet in height above the road grade." In the alternative, Lamar sought compensation for damage to its property under Article 3, Section 17 of the Constitution of the State of Mississippi, which loosely parallels the Takings Clause of the Fifth Amendment to the Constitution of the United States.

The Commission removed the case to the district court. After the parties filed briefs regarding the interpretation of § 49-23-9(2)(b), the district court asked the parties for briefing regarding whether Lamar had exhausted its available administrative remedies. The district court believed that this issue had to be resolved before it could reach the merits. In the second round of briefing, the Commission and Lamar agreed that existing regulations did not afford Lamar an administrative remedy. The Commission, however, argued that an administrative remedy was nonetheless available to Lamar, because the Commission could theoretically order MDOT to conduct an administrative review regarding whether Lamar's proposed modifications to Sign No. 5821 could proceed.

The district court dismissed Lamar's claims for failure to exhaust administrative remedies. The district court accepted the argument that the Commission could order MDOT to conduct an administrative review of

4

No. 18-60712

whether Lamar's proposed modifications to Sign No. 5821 were permissible. Because the Commission represented that it would order MDOT to conduct such a review, the district court concluded that "it is clear that at present an administrative review of the June 2, 2015 decision of the MDOT [to prevent Lamar from modifying Sign No. 5821] is, in fact, available." According to the district court, Lamar could not continue to litigate without first exhausting this newly available remedy.

## II.

When a district court dismisses a case for failure to exhaust administrative remedies, we apply a de novo standard of review. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

## III.

### A.

As an initial matter, Mississippi law regarding the exhaustion of administrative remedies applies in this case. Under the Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts hearing state-law claims apply state substantive law and federal procedural law. But the line between substance and procedure can be a murky one, and exhaustion requirements are among those "matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Hanna v. Plumer*, 380 U.S. 460, 472 (1965). Because the Federal Rules of Civil Procedure do not address administrative exhaustion, we determine whether we should treat the issue as substantive or procedural by looking to "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws" to determine whether we should treat the issue as substantive or procedural. *Id.* at 468. Litigants would engage in forum shopping if federal courts and state

5

courts applied different administrative exhaustion regimes, because some claims could proceed in one court system but not the other. Further, it would be unfair for non-diverse litigants to be able to proceed in state court when diverse but otherwise identically situated litigants could not proceed because their case was in federal court. Thus, we treat administrative exhaustion as substantive for *Erie* purposes and therefore apply Mississippi law. *See Autobahn Imports, L.P. v. Jaguar Land Rover N. Am., L.L.C.*, 896 F.3d 340, 345 (5th Cir. 2018) ("Sitting in diversity, we apply Texas substantive law on the exhaustion question . . . .").

## B.

Lamar was not required to exhaust administrative remedies before filing suit, because no adequate administrative remedy existed. Under Mississippi law, "[g]enerally, a party is required to exhaust available administrative remedies before seeking judicial review." *Pub. Emps. Ret. Sys. v. Hawkins*, 781 So. 2d 899, 905 (Miss. 2001). But "[w]here no adequate administrative remedy is provided, the exhaustion doctrine is not applicable." *Campbell Sixty-Six Express, Inc. v. J. & G. Express, Inc.*, 141 So. 2d 720, 726 (Miss. 1962); *accord Miss. Dep't of Env. Quality v. Weems*, 653 So. 2d 266, 276 (Miss. 1995) (concluding that administrative exhaustion was not required because "Weems was not afforded a plain, speedy, adequate and complete remedy"). Even when "there is reasonable doubt as to the availability and adequacy of the administrative remedy," the Mississippi Supreme Court has not required administrative exhaustion. *Campbell*, 141 So. 2d at 726.

Commission regulations do not afford Lamar an administrative remedy. Those regulations state that "[a]n administrative review may only be taken from decisions involving the following: a. the denial of a permit to erect a sign; b. the denial of a vegetation removal permit; or c. the revocation of a permit; or d. the imposition of" certain penalties. 37-7501 Miss. Code. R. § 09002(1800)(1).

No. 18-60712

The June 2, 2015 letter—which conveyed the Commission's reading of § 49-23-9(2)(b) and told Lamar that it could not modify Sign No. 5821—does not fit into any of those categories, so no review is available under existing regulations.

While the Commission argues that it could create a new procedure to review whether Lamar's proposed modifications to Sign No. 5821 are permissible, such a review does not qualify as an adequate and available remedy. We are not willing to conclude that such a review is available, notwithstanding the Commission's representations in litigation, because "[f]or over a century, Mississippi has required that a public board speak and act only through its minutes." *Lefoldt v. Horne, L.L.P.*, No. 18-60581, ___ F.3d ____, 2019 WL 4231355, at *1 (5th Cir. Sept. 6, 2019). The record does not contain any indication that the representations made by the Commission's counsel have been approved in the Commission's official minutes, so those representations do not bind the Commission and no administrative review is available.[1]

Additionally, the administrative review suggested by the Commission would not be an adequate remedy even if it were available. At most, such a review would allow Lamar to modify Sign No. 5821. But when Lamar filed suit, it asked for a declaratory judgment stating that § 49-23-9(2)(b)'s height restriction does not apply to any billboard erected before April 15, 2008, not just Sign No. 5821. Because Lamar owns billboards throughout Mississippi, and many of those billboards were erected before April 15, 2008, an

---

[1] To decide this case, we do not need to consider whether an administrative remedy created after the commencement of litigation can ever qualify as an "available" remedy for the purposes of administrative exhaustion. We doubt, however, that a doctrine created to ensure that litigants do not short-circuit the administrative process by pursuing "judicial review of an administrative action not as yet deemed complete," applies to litigants who file suit after exhausting all then-existing remedies. Louis L. Jaffe, *Primary Jurisdiction*, 77 Harv. L. Rev. 1037, 1037 (1964).

7

No. 18-60712

administrative review regarding a single billboard would not offer Lamar an opportunity to obtain complete relief.

## IV.

For the foregoing reasons, we REVERSE the judgment of the district court and remand for further proceedings consistent with this opinion.