# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-SA-01008-COA

**BRIGHT BEGINNINGS DAYCARE III AND IV**  APPELLANT

**v.**

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**  APPELLEE

DATE OF JUDGMENT:                      08/21/2024
TRIAL JUDGE:                           HON. J. DEWAYNE THOMAS
COURT FROM WHICH APPEALED:             HINDS COUNTY CHANCERY COURT,
                                       FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:               EDWARD BLACKMON
                                       BRADFORD JEROME BLACKMON
ATTORNEYS FOR APPELLEE:                AZANDE WALLACE WILLIAMS
                                       KRISTI DUNCAN KENNEDY
NATURE OF THE CASE:                    CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                           AFFIRMED - 03/17/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     A Mississippi Department of Human Services (MDHS) administrative hearing officer

issued a "disqualification decision" finding that Bright Beginnings Daycare III and IV,

daycare providers[1] participating in the Mississippi Child Care Payment Program (CCPP),[2]

---

[1] We refer to the daycares collectively as Bright Beginnings.

[2] "The Mississippi Child Care Payment Program . . . is a federally-funded program designed to provide assistance with child care tuition to low-income parents who meet prescribed income and work requirements. . . . For those who meet the guidelines, the program pays a part of the tuition cost, i.e., a subsidy payment, and the participant pays a portion, i.e., the family co-pay. Both payments go directly to the child care provider." *Williams v. Berry*, 977 F. Supp. 2d 621, 626 (S.D. Miss. 2013).

had intentionally violated the program's rules. Bright Beginnings attempted to appeal the hearing officer's decision to the Hinds County Chancery Court, but the chancery court dismissed the appeal for lack of jurisdiction because Bright Beginnings failed to exhaust its administrative remedies. On appeal, Bright Beginnings does not dispute that it failed to exhaust its administrative remedies but argues that the exhaustion requirement should be excused. We find no error and affirm the decision of the chancery court.

## FACTS AND PROCEDURAL HISTORY

¶2. Towanda Ware owns Bright Beginnings Daycare Service LLC, which owns and operates four daycares—Bright Beginnings I, II, and III in Greenwood and Bright Beginnings IV in Carrollton. Ware submitted applications to MDHS's Division of Early Childhood Care and Development (DECCD) for each daycare to participate in the CCPP. The DECCD approved the applications, and all four daycares became authorized providers.

¶3. In June 2022, a Leflore County grand jury indicted Ware for eight counts of welfare fraud and three counts of making false representations to MDHS with the intent to defraud. The indictments pertained solely to Bright Beginnings I and II and their participation in the CCPP. The indictments alleged that Ware falsely claimed that children were in attendance at Bright Beginnings I and II in order to fraudulently obtain CCPP payments and failed to maintain sign-in and sign-out sheets for the children, as required by program rules.

¶4. Following the indictment, DECCD suspended CCPP payments to Bright Beginnings I, II, III, and IV. On July 25, 2022, the MDHS Office of the Inspector General (OIG) conducted simultaneous compliance visits at Bright Beginnings III and IV. At Bright

Beginnings III, OIG agents knocked on the front door, identified themselves, and advised Sherry Powell, who identified herself as the director of the daycare, that the agents were conducting a compliance visit to review child sign-in and sign-out sheets. Powell refused to allow the agents to enter and instructed them to wait outside until the "owners" arrived. Powell stated that the "owners" were on their way. The agents waited thirty minutes and again knocked on the front door. However, Powell again refused to allow the agents to enter the daycare and refused to provide the requested records. At Bright Beginnings IV, agents were allowed to enter and eventually talked to the daycare's director, Denetris Harris. However, Harris did not provide the requested records and told the agents they would have to request the records from Ware's attorney.

¶5. On March 8, 2023, MDHS issued a notice to Ware that a program disqualification hearing would be held on April 20, 2023, to determine whether Bright Beginnings III and IV failed to comply with CCPP rules "by refusing to allow MDHS access to records, specifically student sign-in sheets, resulting in an overissuance of benefits totaling $741,489.31." The notice to Ware enclosed a two-page "**NOTICE OF RIGHTS**" that stated in part:

> The hearing officer will make the final administrative decision on your case. You will receive a written order explaining the basis for the decision. If you do not agree with the final administrative decision, you may appeal the hearing officer's decision, within fourteen (14) calendar days of the date of the Administrative Disqualification Hearing Decision. A desk review will be conducted by the Director of Administrative Hearings. You may further appeal and seek relief in a court having appropriate jurisdiction after the Administrative Disqualification Hearing Review Decision.

¶6. Bright Beginnings's attorney responded to the hearing notice and requested that the administrative disqualification proceeding be stayed "until after [Ware's] criminal trial" in

3

circuit court pertaining to Bright Beginnings I and II. The disqualification hearing was postponed, and the hearing officer, Royce Cole, held a telephonic hearing on Bright Beginnings's request for a stay. Bright Beginnings subsequently filed a written motion to stay the administrative disqualification hearing until Ware's criminal case was resolved, arguing that there was a "factual overlap between the civil case and the criminal prosecution" and that compelling Bright Beginnings to defend the civil case would violate Ware's Fifth Amendment privilege against self-incrimination. MDHS opposed Bright Beginnings's request, arguing that Bright Beginnings was not entitled to an "indefinite continuance" based on the criminal charges against Ware. MDHS also emphasized that the administrative action involved "two separate and distinct daycares" that were not involved in the criminal case. The hearing officer denied Bright Beginnings's request, finding that there was "not a sufficient basis to grant an indefinite continuance" of the administrative action.

¶7. The disqualification hearing was held on December 18, 2023. MDHS OIG Agent Joshua Bankston testified on behalf of MDHS, and audio recordings of MDHS's compliance visits and records of CCPP payments to Bright Beginnings III and IV were admitted into evidence. Ware did not testify or offer any evidence. On January 29, 2024, the hearing officer issued a disqualification decision, finding that MDHS proved by clear and convincing evidence that Ware, as the owner of Bright Beginnings III and IV, intentionally violated CCPP program rules "by refusing to allow MDHS access to childcare records, specifically student sign-in sheets, resulting in an overissuance of benefits totaling $741,489.31."

¶8. On February 6, 2024, Bright Beginnings filed a notice of appeal in the Hinds County

Chancery Court. MDHS subsequently filed a motion to dismiss the appeal, arguing that the chancery court lacked jurisdiction because Bright Beginnings failed to exhaust its administrative remedies before seeking judicial review. Specifically, MDHS argued that Bright Beginnings failed to appeal the hearing officer's decision to the director of the Administrative Hearings Division, as required by MDHS's Administrative Hearings Rules. *See supra* ¶5. In response, Bright Beginnings argued that it was not required to exhaust its administrative remedies because its appeal involved a "question of law," and exhaustion by administrative appeal would be "futile."

¶9. The chancery court granted MDHS's motion to dismiss the appeal, finding that Bright Beginnings failed to show that an administrative appeal would have been "futile" or that the case was otherwise excepted from the general rule that administrative remedies must be exhausted prior to seeking judicial review. Bright Beginnings filed a notice of appeal, and its appeal was assigned to this Court.

## ANALYSIS

¶10. An appeal from a dismissal "for failure to exhaust administrative remedies presents a jurisdictional question." *Town of Bolton v. Chevron Oil Co.*, 919 So. 2d 1101, 1104 (¶9) (Miss. Ct. App. 2005). "This Court reviews jurisdictional issues de novo." *Id.*

¶11. Here, when this administrative proceeding began, MDHS's rule regarding appeals from administrative disqualification decisions provided as follows:

> The only level of an administrative disqualification hearing appeal occurs to the hearing officer of the Division of Administrative Hearings. *If the claimant seeks to dispute the Administrative Disqualification Hearing Decision, the claimant must submit a written request to the Administrative Hearings*

*Division of MDHS within fourteen (14) calendar days of the date of the Administrative Disqualification Hearing Decision.*

After an appeal is requested, an administrative hearing officer will forward both the record and the adverse Administrative Disqualification Hearing Decision to the hearing officer of Administrative Hearings Division or the designee within fourteen (14) calendar days of receipt of appeal request from the claimant. The hearing officer or designee at that time will review the record in its entirety and decide whether the adverse decision should be adopted, modified or reversed. The decision will be memorialized, and the claimant will be notified of the Administrative Disqualification Hearing Appeal Decision within thirty (30) calendar days from the date the hearing officer or designee received the appeal. *The Administrative Disqualification Hearing Appeal Decision from the hearing officer or designee shall be final and binding.*

*The claimant may appeal and seek relief in a court having appropriate jurisdiction after the Administrative Disqualification Hearing Appeal Decision is rendered.*

18 Miss. Admin. Code Pt. 23, ch. 2, R. 15 (amended Apr. 6, 2022) (emphasis added).[3]

¶12.    Thus, Bright Beginnings clearly failed to exhaust an available administrative remedy (an administrative appeal). Indeed, Bright Beginnings does not dispute this point. Rather, it argues (1) that "MDHS's notice to [Bright Beginnings] regarding the right to appeal was deficient" and (2) that exhaustion was not required because an administrative appeal would have been "futile" and because "[t]he appeal presented a question of law that did not require agency expertise."

¶13.    In general, "[a] complainant must exhaust available administrative remedies before resorting to the courts for resolution of his dispute." *Town of Bolton*, 919 So. 2d at 1104-05

---

[3] The rules applicable to administrative disqualification hearings and appeals were amended after this administrative proceeding began. However, Bright Beginnings does not dispute that the rules in effect at the outset of the proceeding, including the rule quoted above, remained applicable to this case.

(¶10) (quoting *State v. Beebe*, 687 So. 2d 702, 704 (Miss. 1996)).  But "[t]he exhaustion doctrine is not without its exceptions." *Pub. Emps. Ret. Sys. of Miss. v. Hawkins*, 781 So. 2d 899, 906 (¶31) (Miss. 2001).  "[W]hen no adequate administrative remedy is available, exhaustion is not required."  *Town of Bolton*, 919 So. 2d at 1105 (¶10) (citing *Campbell Sixty-Six Express Inc. v. J. & G. Express Inc.*, 244 Miss. 427, 440, 141 So. 2d 720, 726 (1962)).  Our Supreme Court has "examined three variables in determining whether to require exhaustion: 'extent of injury from pursuit of administrative remedies, degree of apparent clarity or doubt about administrative jurisdiction, and involvement of specialized administrative understanding in the question of jurisdiction.'"  *Id.* (quoting *Campbell Sixty-Six Express*, 244 Miss. at 441, 141 So. 2d at 726).  "The [Supreme Court] has set out several factors that weigh against an exhaustion requirement: 'the pursuit of the administrative remedy would result in irreparable harm; the agency clearly lacks jurisdiction; the agency's position is clearly illegal; the dispositive question is one of law; exhaustion would be futile; and comparatively, the action can be disposed of with less expense and more efficiently in the judicial arena.'"  *Id.* (quoting *Hawkins*, 781 So. 2d at 906 (¶31)).

¶14.    Bright Beginnings first argues that the exhaustion requirement should be excused or waived because MDHS provided insufficient notice of Bright Beginnings's right to an administrative appeal.  Specifically, Bright Beginnings argues that the notice was "deficient" because "[i]t was not attached to the Hearing Officer's order but rather mailed some nine months earlier in a letter," i.e., the "**NOTICE OF RIGHTS**" enclosed with the first hearing notice that Bright Beginnings received in March 2023.  *See supra* ¶5.  This argument is

7

without merit. Bright Beginnings cites no authority holding that notice of a right to appeal is deficient or ineffective because it was provided in advance of the administrative hearing and decision. Bright Beginnings was clearly advised of its right to an administrative appeal in a "**NOTICE OF RIGHTS**" provided at the outset of this administrative action.

¶15. Moreover, "those who deal with the Government are expected to know the law." *Heckler v. Cmty. Health Servs. of Crawford Cnty. Inc.*, 467 U.S. 51, 63 (1984); *see also HL&C Marion LLC v. DIMA Homes Inc.*, 364 So. 3d 616, 620 (¶18) (Miss. 2022) (A party "is charged with knowledge of its rights under the law."); *Tullos v. Town of Magee*, 181 Miss. 288, 295, 179 So. 557, 558 (1938) ("[A]ll persons dealing with [a governmental entity] are charged with knowledge of the laws by which it is governed . . . ."). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Cohen v. Allstate Ins.*, 924 F.3d 776, 780 (5th Cir. 2019). Here, Bright Beginnings voluntarily applied to receive federal funds as a CCPP provider. Having done so, it is charged with knowledge of its obligations and rights under the program, including the procedures for disqualification.

¶16. We now examine the "variables" or "factors" the Mississippi Supreme Court has identified as relevant to the question whether exhaustion of administrative remedies should be required in a particular case. *Town of Bolton*, 919 So. 2d at 1105 (¶10). Importantly, Bright Beginnings identifies no "irreparable harm" or "injury" that would have resulted from an administrative appeal. *Id.* Under the rule applicable in this case, an administrative appeal would have been resolved within two months. *See supra* ¶11.

¶17. Next, although Bright Beginnings asserts that "[t]his case implicates" some "clarity or doubt about administrative jurisdiction," it fails to explain *how*. MDHS clearly had jurisdiction to initiate an administrative proceeding to disqualify Bright Beginnings from participation in the CCPP, as well as jurisdiction to continue or stay that proceeding. *See* 18 Miss. Admin. Code Pt. 23, ch. 2, R. 7 (amended Apr. 6, 2022) (authorizing "continuance(s) of an administrative disqualification hearing"). There is no "doubt" about the agency's "jurisdiction" in this case.

¶18. Nor can we say that "the agency's position is *clearly illegal*." *Town of Bolton*, 919 So. 2d at 1105 (¶10) (emphasis added). In the administrative proceeding, the agency argued that an indefinite stay was not warranted because Ware would not be compelled to testify in the administrative hearing and because her criminal prosecution involved different daycares that are not at issue in this case. The agency maintained there was no violation of Ware's Fifth Amendment privilege against self-incrimination because she was not compelled to be a witness against herself or to offer any evidence at all. Similarly, the United States Court of Appeals for the Fifth Circuit held that a police officer's administrative disciplinary hearing could proceed even though the officer faced pending criminal charges involving the same alleged misconduct. *Luman v. Tanzler*, 411 F.2d 164, 165-67 (5th Cir. 1969). The court held that the officer could not be compelled to testify or be fired for refusing to testify, and "[t]his [was] a full vindication of [his] Fifth Amendment privilege against self-incrimination." *Id.* at 167. Therefore, the court held that the disciplinary hearing board could proceed with the officer's administrative hearing without compelling the officer's testimony. *Id.*; *see also*

9

*United States v. Little Al*, 712 F.2d 133, 135-36 (5th Cir. 1983) (holding that a trial court did not err by refusing to stay a civil forfeiture action even though the party claiming ownership of the subject property faced parallel criminal charges and "the pendency of the criminal action forced him to choose between preserving his privilege against self-incrimination and losing the civil suit" (quotation marks omitted)). Here, MDHS could have exercised its discretion to stay the administrative disqualification hearing. However, given that Ware was not compelled to testify in the administrative hearing, we cannot say that "the agency's position is clearly illegal." *Town of Bolton*, 919 So. 2d at 1105 (¶10).

¶19. Bright Beginnings argues that an exhaustion requirement is not appropriate in this case because its appeal presents a "question of law" that does not require any specialized "agency expertise." *Hawkins*, 781 So. 2d at 907 (¶¶33-34). "The fact that the dispositive question is one of law[] does not alone warrant excusing exhaustion of administrative remedies, but it is a factor to be considered." *Id.* at (¶33). While Bright Beginnings's constitutional argument raises a question of law, the agency's specialized knowledge of the CCPP and of administrative disqualification procedures and hearings would have been relevant to that question. In any event, even assuming that this factor weighs in favor of Bright Beginnings, this factor "does not alone warrant excusing exhaustion of administrative remedies." *Id.*

¶20. Bright Beginnings also argues that its failure to exhaust should be excused because exhaustion would have been "futile." Bright Beginnings asserts that it has proved futility because it has "admitted the very charge at the heart of the disqualification hearing—that [it]

10

failed to produce attendance documentation and failed to have the documentation[] at the daycare facility." Beyond this assertion, Bright Beginnings simply claims that MDHS was inherently "biased" because it played a role in bringing the criminal action against Ware. These arguments are without merit. If Bright Beginnings had pursued an administrative appeal, the appellate hearing officer would have "review[ed] the record in its entirety" and possessed full authority to adopt, modify, or reverse the initial administrative decision. *See supra* ¶11. For all we know, the appellate hearing officer could have vacated the disqualification decision and granted the stay that Bright Beginnings requested. *See CLC of Biloxi LLC v. Miss. Div. of Medicaid*, 189 So. 3d 726, 733 (¶27) (Miss. Ct. App. 2016) (finding that the appellant's argument that exhaustion was "futile" because the agency's decision "would not change" was mere "speculation"). Nothing in the record supports Bright Beginnings's claim that exhausting its administrative remedies would have been "futile."

¶21. Finally, the record does not show that this "action can be disposed of with less expense and more efficiently in the judicial arena." *Hawkins*, 781 So. 2d at 906 (¶31). In *Hawkins*, the Court held that this factor weighed against requiring exhaustion because "[t]he record disclose[d] that the history of [the agency's] administration [of the] dispute ha[d] been to hold it under consideration rather than resolving it." *Id.* at 907 (¶33). Here, however, MDHS expeditiously resolved Bright Beginnings's motion for a stay and the merits of the case.

¶22. In summary, although Bright Beginnings's appeal raises an issue of law, no other relevant factor weighs against enforcing the general rule that "a party is required to exhaust

available administrative remedies before seeking judicial review." *Hawkins*, 781 So. 2d at 905 (¶29). Therefore, we cannot say that the chancery court erred by dismissing Bright Beginnings's appeal for failure to exhaust administrative remedies.

¶23. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**